18-19279 CCS/ad

# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF KENTUCKY
# LEXINGTON DIVISION

**CIVIL ACTION NO.: 5:18-cv-00388-DCR**

| | |
|---|---|
| **EARNEST ISAACS LUMBER COMPANY, INC** | **PLAINTIFF** |
| v.  **ANSWER AND COUNTERCLAIM OF DEFENDANT WITH JURY DEMAND** | |
| **THE CINCINNATI SPECIALTY UNDERWRITERS INSURANCE COMPANY** | **DEFENDANT** |

\*\*\*\*\*\*\*\*\*\*\*\*

Comes now Defendant, The Cincinnati Specialty Underwriters Insurance Company ("CSU"), by and through its undersigned counsel, and for its Answer to the Plaintiff's Counterclaim does hereby state as follows.

This federal court lawsuit stems from a pre-suit proceeding in Estill County, Kentucky, specifically a Kentucky Civil Rule 27.01 pre-suit petition filed by The Cincinnati Specialty Underwriters Insurance Company ("CSU"), wherein CSU was styled as Petitioner and Earnest Isaacs Lumber Company, Inc. was styled as Respondent.  The Counterclaim filed by Earnest Isaacs Lumber Company, Inc. effectively operated as a complaint, or at a minium as the pleading changing the procedural status of this matter from a pre-suit proceeding to an actively litigated civil lawsuit.  Therefore, Earnest Isaacs Lumber Company, Inc. is styled as Plaintiff in this federal civil litigation and CSU as Defendant.

1. CSU admits the allegations contained in Paragraph 1 of Plaintiff's Counterclaim to the limited extent the policy, including all terms, conditions, exclusions, and endorsements speaks for itself. CSU denies any remaining allegations in Paragraph 1 of Plaintiff's Counterclaim.

2. CSU admits the allegations contained in Paragraph 2 of Plaintiff's Counterclaim to the limited extent that on May 20, 2017 a fire occurred at the insured property. CSU denies any remaining allegations in Paragraph 2 of Plaintiff's Counterclaim, including any allegations regarding the scope of destruction caused by the fire.

3. CSU denies the allegations contained in the first Paragraph 3 of Plaintiff's Counterclaim.

4. CSU denies the allegations contained in the second Paragraph 3 of Plaintiff's Counterclaim.

5. CSU denies the allegations contained in Paragraph 4 of Plaintiff's Counterclaim.

Plaintiff's "Wherefore" paragraph does not include factual allegations that CSU is required to respond to, but CSU denies Plaintiff is entitled to the relief sought.

## AFFIRMATIVE DEFENSES

1. The Counterclaim fails to state a claim upon which relief can be granted.

2. The Counterclaim is time-barred by the applicable statute of limitations and/or the *doctrine of laches*.

3. Provision of the relief requested, or the performance in lieu of which such relief is requested, would be contrary to law.

4. Parties or entities needed for just adjudication of the within controversy have not been joined in the complaint.

5. The Plaintiff has failed to minimize or mitigate its damages.

6. The special damages of Plaintiff are not specifically stated in the Counterclaim as required by Civil Rule 9(G).

7. Service of process upon the Defendant has been insufficient.

8. The Plaintiff is estopped from presenting the claims in the Counterclaim.

9. Plaintiff lacks standing and/or the capacity to bring the within action.

10. The alleged injuries and damages were caused or contributed to by the actions of third-parties or other circumstances which constitute intervening or superseding causes.

11. The claims in the Counterclaim have been waived, released, settled, and/or are subject to an accord and satisfaction or otherwise compromised, alternatively, compensation has been accepted in partial settlement of these claims requiring a set-off.

12. Plaintiff failed to perform conditions precedent to the effectiveness of the contract.

13. The Plaintiff's claims are barred and there is no coverage owed under the insurance contract due to Plaintiff's material breach of insurance policy provisions, including but not limited to terms and conditions relative to Duties in the Event of Loss or Damage, Cooperation, Examination of Books and Records, Document Production, Examination Under Oath, and Legal Action Against Us.

14. Plaintiff failed to perform conditions precedent to the effectiveness of the contract including but not limited to those posed by the provisions regarding Duties in the Event of Loss or Damage, Cooperation, Examination of Books and Records, Document Production, Examination Under Oath, and Legal Action Against Us, which provides in pertinent part:

> D.   LEGAL ACTION AGAINST US
>
> *No one may bring a legal action against us under this Coverage Part unless:*
>
> *1.   There has been full compliance with all of the terms of this Coverage Part; and*

*2.     The action is brought within 2 years after the date on which the direct physical loss or damage occurred.*

*\*\*\**

*3.     Duties In The Event Of Loss Or Damage*

*a.     You must see that the following are done in the event of loss or damage to Covered Property:*

*(1)    Notify the police if a law may have been broken.*

*(2)    Give us prompt notice of the loss or damage. Include a description of the property involved.*

*(3)    As soon as possible, give us a description of how, when and where the loss or damage occurred.*

*(4)    Take all reasonable steps to protect the Covered Property from further damage, and keep a record of your expenses necessary to protect the Covered Property, for consideration in the settlement of the claim. This will not increase the Limit of Insurance. However, we will not pay for any subsequent loss or damage resulting from a cause of loss that is not a Covered Cause of Loss. Also, if feasible, set the damaged property aside and in the best possible order for examination.*

*(5)    At our request, give us complete inventories of the damaged and undamaged property. Include quantities, costs, values and amount of loss claimed.*

*(6)    As often as may be reasonably required, permit us to inspect the property proving the loss or damage and examine your books and records. Also permit us to take samples of damaged and undamaged property for inspection, testing and analysis, and permit us to make copies from your books and records.*

*(7)    Send us a signed, sworn proof of loss containing the information we request to investigate the claim. You must do this within 60 days after our request. We will supply you with the necessary forms.*

*(8)    Cooperate with us in the investigation or settlement of the claim.*

4

> *(9) We may examine any insured under oath, while not in the presence of any other insured and at such times as may be reasonably required, about any matter relating to this insurance or the claim, including an insured's books and records. In the event of an examination, an insured's answers must be signed.*

CSU's investigation into Plaintiff's claim is ongoing under a full Reservation of Rights and a final determination has not been made at this time as to the extent of any coverage available for Plaintiff's alleged losses under the applicable policy. CSU reserves the right to amend this Answer and these Affirmative Defenses based upon additional facts that may be uncovered and learned (a) its claim investigation continues, (b) based upon its ultimate coverage determination, and (c) as this litigation proceeds through discovery.

**WHEREFORE**, CSU prays that the Counterclaim be dismissed at cost to Plaintiff, Earnest Isaacs Lumber Company, Inc., and for any such other and further relief as the Court deems just and proper.

### JURY DEMAND

A jury is hereby demanded.

Respectfully submitted,

/s/ Carmen C. Sarge
Hon. Carmen C. Sarge (88553)
Hon. M. Tyler Hull (91211)
Rolfes Henry Co., LPA
10200 Forest Green Boulevard, Suite 602
Louisville, Kentucky 40223
(502) 371-4000
(502) 371-4009|fax
csarge@rolfeshenry.com
thull@rolfeshenry.com
*ATTORNEYS FOR DEFENDANT*

## COUNTERCLAIM FOR DECLARATORY JUDGMENT

Now comes Defendant/Counter-Plaintiff, The Cincinnati Specialty Underwriters Insurance Company, ("CSU") and for its Counterclaim against Plaintiff/Counter-Defendant, Earnest Isaacs Lumber Company, Inc., states as follows:

1.  CSU reavers Paragraphs 1 through 5 of its Answer, as well as its Affirmative Defenses, as if fully rewritten herein.

2.  Plaintiff, Earnest Isaacs Lumber Company, Inc., is a Kentucky incorporated business entity and citizen of Kentucky for diversity jurisdiction purposes.

3.  Defendant, CSU, is an insurance company incorporated in Delaware with its principal place of business in Ohio. CSU is therefore a citizen of both Delaware and Ohio for diversity jurisdiction purposes.

4.  This matter was removed to this Court by the Notice of Removal filed by CSU on June 11, 2018.

5.  CSU brings this Counterclaim for Declaratory Judgment pursuant to Federal Rules of Civil Procedure 13 and 57 and 28 U.S.C. §2201 and §2202 as an actual controversy exists between the parties under the subject policy and for a declaration of its rights and the rights of the Plaintiff/Counter-Defendant under the applicable insurance policy, a copy of which is incorporated herein as Exhibit "1". Exhibit "1" and Exhibits "2" – "5" have been filed with the Court under separate cover via the June 18, 2018 Affidavit of M. Tyler Hull, Esq. The Affidavit and all exhibits are incorporated herein to this Answer and Counterclaim by reference, as if fully attached hereto.

6.  The named insured on the policy is Earnest Isaacs Lumber Company, Inc., which made a claim to CSU based on a May 20, 2017 fire.

7.     As part of its ongoing investigation of the subject fire loss claim, on or about April 19, 2018, CSU, acting as a Petitioner, and pursuant to Kentucky Civil Rule 27.01 "Before Action," filed a pre-suit Petition in the Estill County, Kentucky Circuit Court seeking an order to obtain deposition testimony from records custodians from Verizon Wireless and Appalachian Wireless and cellular telephone communications records and tower data for the owner (Earnest Isaacs) and financial manager (Rebecca Wasson) of Earnest Isaacs Lumber Company, Inc.  (See Estill County Circuit Court State Court Record attached to Notice of Removal).

8.     Earnest Isaacs Lumber Company, Inc. filed a Response and Counterclaim in opposition to CSU's pre-suit Rule 27.01 Petition.  *Id*.

9.     The applicable insurance policy for this subject claim states in relevant part as follows:

> D.     *LEGAL ACTION AGAINST US*
>
> *No one may bring a legal action against us under this Coverage Part unless:*
>
> *1.     There has been full compliance with all of the terms of this Coverage Part; and*
>
> *2.     The action is brought within 2 years after the date on which the direct physical loss or damage occurred.*
>
>              \*\*\*
>
> *3.     Duties In The Event Of Loss Or Damage*
>
> *a.     You must see that the following are done in the event of loss or damage to Covered Property:*
>
> *(1)    Notify the police if a law may have been broken.*
>
> *(2)    Give us prompt notice of the loss or damage. Include a description of the property involved.*

>*(3)     As soon as possible, give us a description of how, when and where the loss or damage occurred.*
>
>*(4)     Take all reasonable steps to protect the Covered Property from further damage, and keep a record of your expenses necessary to protect the Covered Property, for consideration in the settlement of the claim. This will not increase the Limit of Insurance. However, we will not pay for any subsequent loss or damage resulting from a cause of loss that is not a Covered Cause of Loss. Also, if feasible, set the damaged property aside and in the best possible order for examination.*
>
>*(5)     At our request, give us complete inventories of the damaged and undamaged property. Include quantities, costs, values and amount of loss claimed.*
>
>*(6)     As often as may be reasonably required, permit us to inspect the property proving the loss or damage and examine your books and records. Also permit us to take samples of damaged and undamaged property for inspection, testing and analysis, and permit us to make copies from your books and records.*
>
>*(7)     Send us a signed, sworn proof of loss containing the information we request to investigate the claim. You must do this within 60 days after our request. We will supply you with the necessary forms.*
>
>*(8)     Cooperate with us in the investigation or settlement of the claim.*
>
>*(9)     We may examine any insured under oath, while not in the presence of any other insured and at such times as may be reasonably required, about any matter relating to this insurance or the claim, including an insured's books and records. In the event of an examination, an insured's answers must be signed.*

9.    CSU's investigation into Plaintiff's insurance claim is ongoing under a full reservation of rights and a final determination has not been made at this time as to the extent of any coverage available for Plaintiff's alleged losses under the applicable policy.

10.    To date, Plaintiff has not produced relevant and material documents requested as a part of CSU's investigation.

11.    Incorporated herein as Exhibit "2" is a true and accurate copy of correspondence dated September 20, 2017, in which CSU advised it was continuing its investigation of the claim

8

under a Reservation of Rights of all policy terms and conditions, including the policy provisions regarding Dishonest or Criminal Acts; Concealment, Misrepresentation, or Fraud; Legal Action Against Us; and Duties in the Event of Loss or Damage.

12. Incorporated herein as part of Exhibit "5" is a true and accurate copy of correspondence dated September 28, 2017, in which CSU advised Earnest Isaacs Lumber Company, Inc. it was requesting Examinations Under Oath of its owner, Earnest Isaacs, and its financial manager, Rebecca Wasson, and was requesting various categories of documentation, including tax returns, banking and financial statements, cellular telephone records, documentation regarding pending liens, taxes, and debts owed, repayment plans for debts, and documentation regarding prior bankruptcies. CSU also requested production of cellular telephones for forensic download and analysis.

13. Incorporated herein as part of Exhibit "5" is a true and accurate copy of correspondence dated October 10, 2017, in which CSU reaffirmed the document requests posed on September 28, 2017.

14. Despite CSU's request that the materials identified in its September 28, 2017, letter be produced prior to or at the time of the Examinations Under Oath of Earnest Isaacs and Rebecca Wasson, none of the requested materials were produced prior to or at the time of the Examinations Under Oath and none of the materials have been produced to date.

15. Earnest Isaacs and Rebecca Wasson's Examinations Under Oath proceeded on October 23, 2017. Incorporated herein as Exhibits "3" and "4" are the unsigned transcripts of the Examinations Under Oath. At the conclusion of the Examinations Under Oath, Earnest Isaacs and Rebecca Wasson acknowledged their continuing duty to cooperate with CSU's claim investigation and their continuing duty to produce requested materials.

16. Incorporated herein as part of Exhibit "5" is a true and accurate copy of correspondence dated December 18, 2017 requesting Earnest Isaacs and Rebecca Wasson review and sign their Examination Under Oath transcripts.

17. The signed Examination Under Oath transcripts were not produced within the deadline set forth in CSU's December 18, 2017 letter and have not been produced to date.

18. Incorporated herein as part of Exhibit "5" is a true and accurate copy of correspondence dated February 2, 2018 again requesting the materials first requested on September 28, 2017, as well as documentation regarding liens pending against the insured from two Kentucky governmental entities, documentation regarding lines of credit and mortgages, requesting a release to obtain documentation from the Earnest Isaacs Lumber Company, Inc.'s outside financial consultant and tax preparer, requesting credit card documentation, requesting photographs of damage to a door at the loss location which allegedly occurred the night before the fire loss, and again requesting Earnest Isaacs and Rebecca Wasson review and sign their Examination Under Oath transcripts.

19. None of the materials requested in CSU's February 2, 2018 letter were produced by the deadline set forth in the letter and none of the materials have been produced to date.

20. Incorporated herein as part of Exhibit "5" is a true and accurate copy of correspondence dated March 6, 2018, in which CSU reaffirms its requests for information and documentation set forth previously.

21. None of the materials requested in CSU's March 6, 2018 letter were produced by the deadline set forth in the letter and none of the materials have been produced to date.

22. Incorporated herein as part of Exhibit "5" is a true and accurate copy of correspondence dated March 22, 2018, in which CSU reaffirmed the previous requests for

information and documentation, as well as information and documentation in support of alleged losses suffered by the insured, as represented by the insured's counsel.

23. None of the materials requested in CSU's March 22, 2018 letter were produced by the deadline set forth in the letter and none of the materials have been produced to date.

24. Incorporated herein as part of Exhibit "5" is a true and accurate copy of correspondence dated April 19, 2018, in which CSU reaffirmed the previous requests for information and documentation.

25. None of the materials requested in CSU's April 19, 2018 letter were produced by the deadline set forth in the letter and none of the materials have been produced to date.

26. Incorporated herein as part of Exhibit "5" is a true and accurate copy of correspondence dated May 7, 2018, in which CSU reaffirmed the previous requests for information and documentation.

27. None of the materials requested in CSU's May 7, 2018 letter were produced by the deadline set forth in the letter and none of the materials have been produced to date.

28. CSU's is investigating the fire loss with the concern the fire may be classified as incendiary or intentionally set.

29. Earnest Isaacs and Rebecca Wasson both testified the loss location property was locked and secured when they left the afternoon of May 20, 2017 for a trip to a casino in West Virginia.

30. Upon information and belief, the responding fire department discovered the property locked and secured upon arrival and had to force entry to the loss location structure to fight the fire.

31. As part of CSU's investigation, its origin and cause investigator obtained fire debris samples which have tested positive for gasoline.

32. CSU has reserved its rights to all policy terms and conditions, including those related to subject policy's Dishonest or Criminal Acts provisions.

33. Financial documentation, including tax returns, banking and financial statements, documentation regarding pending liens, taxes, and debts owed, repayment plans for debts, and documentation regarding prior bankruptcies, is relevant and material to CSU's claim investigation to assist in evaluating the insured's financial condition near the time of the fire.

34. Both business and personal financial documentation are relevant and material to CSU's claim investigation, at a minium, as (a) Earnest Isaacs Lumber Company, Inc. is owned solely by Earnest Isaacs and (b) Rebecca Wasson, financial manager of Earnest Isaacs Lumber Company, Inc., and longtime live-in girlfriend of Earnest Issacs, testified at her Examination Under Oath that business accounts/funds were co-mingled with personal accounts/funds.

35. Earnest Isaacs Lumber Company, Inc.'s failure to produce this financial documentation has materially and substantially prejudiced CSU from conducting a complete and through claim investigation as it cannot analyze matters related to Earnest Isaacs Lumber Company, Inc.'s financial condition without the underlying documentation detailing that financial condition.

36. A release to obtain documentation from Tax Wise, the tax preparer and financial consultant of Earnest Isaacs Lumber Company, Inc., is, at minimum, relevant and material to CSU's investigation in order to investigate (a) the financial condition of Earnest Isaacs Lumber Company, Inc. near the time of the loss; (b) Rebecca Wasson's testimony regarding Tax Wise improperly handling financial matters on behalf of Earnest Isaacs Lumber Company, Inc. in the

year preceding the fire, purportedly leading to audits and fines from Kentucky tax collection agencies; and (c) the specific role Tax Wise played in a Kentucky tax agency audit of Earnest Isaacs Lumber Company, Inc. shortly before the fire.

37. Earnest Isaacs Lumber Company, Inc.'s failure to produce a release to obtain information and documentation from Tax Wise has materially and substantially prejudiced CSU's claim investigation as it cannot investigate the financial concerns identified in the foregoing paragraph without the underlying documentation and the ability to speak with representatives from Tax Wise.

38. Documentation regarding pending liens, taxes, and debts owed, is a relevant and material part of CSU's ongoing coverage investigation to analyze, at minium, conflicting information CSU has received regarding whether there were pending liens, taxes, and debts owed by Earnest Isaacs Lumber Company, Inc. near the time of the fire.

39. Earnest Isaacs Lumber Company, Inc.'s failure to produce this documentation has materially and substantially prejudiced CSU's claim investigation as without the underlying documentation it cannot investigate the financial concerns raised by the potential existence of liens, taxes, and debts owed and conflicting information it has learned regarding the foregoing from Earnest Isaacs and Rebecca Wasson.

40. Documentation regarding cellular telephone records, including (a) cellular telephone call and text logs available to Earnest Isaacs and Rebecca Wasson as customers through their cellular telephone carrier, (b) cellular telephone tower location data records available via subpoena or court order to the cellular telephone carriers, and (c) forensic analysis of Earnest Isaacs and Rebecca Wasson's physical cellular telephones are relevant and material to CSU's claim investigation to investigate, at minimum, the following: who, if anyone, was at the loss location

the night before the fire; when Earnest Isaacs and Rebecca Wasson first arrived at the loss location on the date of loss, pre-fire, to discover the purported break in the night prior; to identify any cellular telephone communications Earnest Isaacs and Rebecca Wasson had the morning after the alleged break in, including the identification of an alleged call to a local police officer, which is not currently reflected in the information obtained by CSU; to identify pictures Rebecca Wasson testified she took on her cellular telephone of the door to the loss location being repaired the morning of May 20, 2017, but which have not been produced to date despite multiple requests; to determine who left the loss location first pre-fire and would have purportedly locked and secured the loss location structure; to determine who Earnest Isaacs and Rebecca Wasson communicated with prior to leaving the area of the loss location to travel to West Virginia for a casino trip; to determine the route of travel and any communications occurring during travel to the West Virginia casino; to identify the nature and timing of communications regarding fire notification, which conflicts based upon Examination Under Oath testimony from Earnest Isaacs and Rebecca Wasson; and to obtain information regarding telephone calls with Tax Wise and audit groups from Kentucky taxation agencies, which occurred near the time of the fire.

41.     Plaintiff's failure to produce cellular telephone documentation has materially and substantially prejudiced CSU's claim investigation as it cannot investigate the concerns identified in the foregoing paragraph.

42.     Cellular telephone photographs taken by Rebecca Wasson of damage to the loss location door allegedly breached the night before the fire are relevant and material to CSU's claim investigation to assist in analyzing the facts of the alleged break in and to identify the persons who Earnest Isaacs and Rebecca Wasson testified assisted with repairing the door or who knew about

the alleged break in incident the morning before the fire, as testimony between Earnest Isaacs and Rebecca Wasson conflicts regarding these points.

43. Plaintiff's failure to produce the photographs taken by Rebecca Wasson has materially and substantially prejudiced CSU's claim investigation as it is deprived of examining photographs which should include the time stamps in reference to when the damage occurred or was identified, the identify of witnesses who purportedly assisted in fixing the damage, and should show the pre-fire status of the door.

44. Signed Examination Under Oath transcripts are relevant and material to CSU's claim investigation to ensure the testimony it considers from Earnest Isaacs and Rebecca Wasson regarding the background facts of the loss has been reviewed and verified as accurate by the witnesses.

45. Plaintiff's failure to produce signed Examination Under Oath transcripts has materially and substantially prejudiced CSU's claim investigation as it is precluded from considering accurate, verified information from the insured as to dozens of lines of testimony regarding the facts of the loss needed for follow-up investigation with additional fact and expert witnesses.

46. To date, Earnest Isaacs Lumber Company, Inc. has failed to comply with the investigation and the terms, conditions, and provisions of the applicable policy of insurance, Exhibit "1" herein, including but not limited to the duties to cooperate, to produce documentation, including books and records, and to review and sign a copy of the Examinations Under Oath.

47. Earnest Isaacs Lumber Company, Inc.'s failure and refusal to perform express conditions precedent is a material breach of the insurance policy and has materially and substantially prejudiced CSU's ability to investigation the subject claim.

48. Based on Earnest Isaacs Lumber Company, Inc.'s failure and refusal to perform its obligations under the applicable policy of insurance, no coverage is due and owing to the insured under this policy and the insured's claims are barred.

49. Earnest Isaacs Lumber Company, Inc.'s Counterclaim, which initiated this lawsuit, is a material breach of the Legal Action Against Us provision of the applicable insurance policy.

**WHEREFORE**, Defendant/Counter-Plaintiff, The Cincinnati Specialty Underwriters Insurance Company, requests this Honorable Court:

1. Dismiss all Plaintiff/Counter-Defendant's claims in this action at cost to Plaintiff/Counter-Defendant;

2. Enter judgment in Defendant/Counter-Plaintiff, The Cincinnati Specialty Underwriters Insurance Company's, favor declaring Plaintiff/Counter-Defendant, Earnest Isaacs Lumber Company, Inc., in material breach of its duties and obligations under the applicable policy of insurance;

3. Declare Defendant/Counter-Plaintiff, The Cincinnati Specialty Underwriters Insurance Company, is not required to make any payment or provide coverage to Plaintiff/Counter-Defendant for any loss allegedly sustained as a result of the alleged May 20, 2017 fire;

4. For all costs, interest, and attorney's fees; and

5. For such other relief as may be deemed appropriate.

Respectfully submitted,

/s/ Carmen C. Sarge
Hon. Carmen C. Sarge (88553)
Hon. M. Tyler Hull (91211)
Rolfes Henry Co., LPA
10200 Forest Green Boulevard, Suite 602
Louisville, Kentucky 40223
(502) 371-4000
(502) 371-4009|fax
csarge@rolfeshenry.com
thull@rolfeshenry.com
*ATTORNEYS FOR DEFENDANT*

### CERTIFICATE OF SERVICE

This is to confirm that a copy of the foregoing Answer was electronically filed on June 18, 2018. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system, and the filing may be accessed through that system. Notice of this filing will also be sent via electronic mail to opposing counsel.

/s/ Carmen C. Sarge
Hon. Carmen C. Sarge