```
UNITED STATES DISTRICT COURT
  EASTERN DISTRICT OF KENTUCKY
       CENTRAL DIVISION
         (at Lexington)
```

| | | |
|---|---|---|
| EARNEST ISSACS LUMBER COMPANY, INC., | ) ) ) | |
| Plaintiff, | ) ) | Civil Action No. 5: 18-388-DCR |
| V. | ) ) ) | |
| THE CINCINNATI SPECIALTY UNDERWRITERS INSURANCE COMPANY, | ) ) ) ) | **MEMORANDUM ORDER AND OPINION** |
| Defendant. | ) ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Plaintiff Earnest Issacs Lumber Company, Inc.'s property was destroyed in a fire. Defendant Cincinnati Specialty Underwriters Insurance Company insured the property. It contends the plaintiff has not cooperated in its investigation regarding the fire. The plaintiff disagrees and asserts that it has fully cooperated in the defendant's unnecessarily lengthy investigation and it is entitled to recover the policy limits. The defendant has filed a motion for judgment on the pleadings [Record No. 8], which will be denied because substantial questions remain regarding the plaintiff's actions during the defendant's investigation of the loss.

**I.     Background**

Earnest Isaacs Lumber Company, Inc. (the "plaintiff" or the "Lumber Company") purchased a fire insurance policy ("the Policy") from Cincinnati Specialty Underwriters Insurance Company (the "defendant" or "CSU"), covering property at 880 Cow Creek Road in Ravenna, Kentucky. [Record No. 1-3, p. 18] A fire occurred at the property on or about

May 22, 2017, and the plaintiff submitted a claim to CSU. *Id.* CSU informed Earnest Isaacs approximately four months later that it had "serious concerns that the fire may have been incendiary or intentionally set." [Record No. 5-2, p. 5] It reminded Isaacs of his duties in the event of a loss and advised him that CSU would keep him informed during the investigation. *Id.*, pp. 2-5.

CSU filed a petition under Kentucky Rule of Civil Procedure 27.01 in Estill County Circuit Court in April 2018, in which it sought a pre-suit order requiring the production of cellular telephone records and providing it authority to take the deposition of a records custodian for cellular telephone carriers. [Record No. 1-3, p. 6] The Lumber Company filed a Counterclaim in which it alleged that it had cooperated fully in CSU's year-long investigation and sought judgment in the amount of the policy limits. *Id.*, p. 18. The circuit court denied CSU's request for pre-petition relief under Kentucky Civil Rule 27.01 on June 8, 2018. *Id.*, p. 24. The Lumber Company's Counterclaim became a Complaint for all intents and purposes and was removed to this Court on June 11, 2018. [*See* Record No. 1.]

CSU filed an Answer and Counterclaim on June 18, 2018. It alleged that it was still investigating the loss with the concern that the fire was intentionally set. [Record No. 6 at p. 11] In its Counterclaim, CSU seeks a declaratory judgment that it is not required to provide coverage with respect to the fire loss because the Lumber Company and its employees have not complied with the investigation requirements under the Policy. Specifically, CSU contends that the Lumber Company has failed to produce requested documents, that it has failed to provide authorization to obtain information from its tax preparer, and that its representatives have not signed the transcripts of their examinations under oath. CSU also

claims that the Lumber Company breached the express terms of the Policy by filing suit without fulfilling the conditions precedent for doing so.

The defendant did not answer or otherwise respond to CSU's Counterclaim. CSU filed a motion for judgment on the pleadings on July 24, 2018, arguing that it is entitled to judgment on the Lumber Company's Complaint, as well as its unanswered Counterclaim. [Record No. 8] CSU requested, in the alternative, that the Court stay the litigation until CSU completes its claim investigation. *Id.*

The Court granted the plaintiff an extension of time in which to respond to CSU's motion to dismiss. [Record No. 13] The Lumber Company filed its response to the motion on September 14, 2018, as well as an untimely Answer to CSU's counterclaim. [Record Nos. 15, 17] The parties subsequently filed a joint motion for an extension of time in which CSU could tender a reply in support of its motion to dismiss, but the Court denied that motion. [Record No. 20]

## II.     Standard of Review

A party's motion for judgment on the pleadings under Rule 12(c) of the Federal Rules of Civil Procedure is appropriate when there is no issue of material fact and the moving party is entitled to judgment as a matter of law. *JPMorgan Chase Bank, N.A. v. Winget*, 510 F.3d 577, 582 (6th Cir. 2007). The Court accepts as true "all well-pleaded material allegations," but "need not accept as true legal conclusions or unwarranted factual inferences." *Id.* at 581-82 (quoting *Mixon v. Ohio*, 193 F.3d 389, 400 (6th Cir. 1999)).

Motions to dismiss under 12(c) are reviewed under the same standard as those under 12(b)(6). *Lindsay v. Yates*, 498 F.3d 434, 437 n.5 (6th Cir. 2007). To survive a motion to dismiss under Rule 12(b)(6), a plaintiff must allege sufficient factual matter to state a claim

for relief that is plausible on the face of the complaint. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Peatross v. City of Memphis*, 818 F.3d 233, 239-40 (6th Cir. 2016). The Court may consider "the Complaint and any exhibits attached thereto, public records, items appearing in the record of the case and exhibits attached to the defendant's motion to dismiss so long as they are referred to in the Complaint and are central to the claims contained therein." *Bassett v. Nat'l Collegiate Athletic Ass'n*, 528 F.3d 426, 430 (6th Cir. 2008).

### III. Discussion

#### A. The Lumber Company's Failure to File a Timely Answer to CSU's Counterclaim

The Lumber Company alleges in its Complaint that it has cooperated fully in CSU's investigation. It further contends that it is entitled to payment in the amount of the Policy limits, which is not enough to make it whole. CSU's Counterclaim claims just the opposite— that the Lumber Company has failed to cooperate, that its actions amount to a breach of the Policy, and that it is not entitled to coverage for the fire loss. In light of the parties' competing claims, it is particularly important to examine the effect of the plaintiff's failure to file a timely response to CSU's Counterclaim.

A party generally must serve an answer to a counterclaim within 21 days after being served with the pleading that states the counterclaim. Fed. R. Civ. P. 12(a)(1)(B). And an allegation typically is deemed admitted when a responsive pleading is required and none is tendered. *See* Fed. R. Civ. P. 8(b)(6). The Lumber Company was served electronically with CSU's Counterclaim on June 18, 2018, making its Answer due on or before July 9, 2018. Although the Lumber Company did not file an Answer until September 14, 2018, multiple factors weigh in favor of accepting the late pleading.

As an initial matter, the parties' pleadings address the same issues, *i.e.*, the parties conduct during CSU's investigation and whether the Policy should cover the plaintiff's loss. It does not appear that CSU has been prejudiced by the plaintiff's untimely Answer, as CSU has continued to investigate the insurance claim throughout these proceedings. [*See* Record No. 10.] Finally, counsel for the plaintiff experienced the illness and subsequent death of his mother during the summer of 2018, necessitating an extension of time in which to respond to CSU's motion to dismiss. [*See* Record Nos. 11, 13] The better course of action would have been to request an extension of time to tender an Answer to CSU's Counterclaim, but the failure to do so constitutes excusable neglect under the circumstances. *See Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993).

Based on the above considerations and the Court's preference for adjudicating matters on the merits, the Lumber Company's Answer to CSU's Counterclaim will be considered as if it were timely filed.

### B.     CSU's Motion for Judgment on the Pleadings

The Policy imposes certain obligations on the insured in the event of loss or damage to the covered property. [Record No. 1-2 at p. 45] These include permitting CSU to examine the insured's "books and records," submitting to an examination under oath and signing the answers, and generally "cooperat[ing] with [CSU] in the investigation or settlement of the claim." *Id.* The Policy provides that no one may bring a coverage-related action against CSU unless there has been full compliance with the provisions of the Policy. *Id.*, p. 32.

The Lumber Company's Complaint, which was originally filed in state court, is not greatly detailed, but alleges that the Lumber Company has fully cooperated with CSU's investigation. [Record No. 1-3, p. 18] In contrast, CSU alleges that the Lumber Company

"has not produced relevant and material documents requested as part of CSU's investigation." [Record No. 6, p. 8] CSU points to specific requests for documentation, including tax returns, financial statements, and cellular telephone records, which it reports went unfulfilled. *Id.*, p. 8-11. It also contends that the Lumber Company's owner and financial manager have not signed the transcripts of their examinations under oath, as required by the Policy. *Id.*, p. 10.

CSU has provided copies of correspondence in which it purportedly requested the same information from the Lumber Company on multiple occasions. [Record No. 6-5] Assuming that the Court could consider this evidence without converting CSU's motion into a motion for summary judgment, it is still not clear that the plaintiff failed to comply with the investigation. To the extent some information and documentation was not provided within the deadlines CSU imposed, the Lumber Company contends that the deadlines were unrealistic, given the circumstances. [Record No. 17, p. 4] Additionally, the defendant argues in its Answer to the Counterclaim that every document CSU has requested has been provided as of September 14, 2018. [Record No. 17, p. 2]

Kentucky law requires substantial compliance regarding duties under insurance contracts. *Lewis v. State Farm Fire & Cas. Co.*, 238 F.3d 422, 2000 WL 1828711, at *3 (6th Cir. 2000) (citing *Westchester Fire Ins. Co. v. Gray*, 240 S.W.2d 825, 827 (Ky. 1951)). This requires an insured to comply with the "essential requirements" of a policy rather than strictly complying with those duties. *Charter Oak Fire Ins. Co. v. Coleman*, 273 F. Supp. 2d 903, 908 (W.D. Ky. 2003) (citing *In re Eagle-Picher Indus., Inc.*, 285 F.3d 522, 525 n.3 (6th Cir. 2002)). Here, the Lumber Company has sufficiently alleged that it substantially complied with the duties outlined in the Policy.

The Lumber Company apparently denies CSU's allegation that the requested materials were not produced at or before Earnest Isaacs' and Rebecca Wasson's examinations under oath. [*Compare* Record No. 6 ¶ 14 and Record No. 17 ¶ 7.] It also asserts that Isaacs and Wasson provided their cellular telephones to CSU for inspection immediately after the fire. [Record No. 17 ¶ 21] To the extent the plaintiff did not provide photographs and information concerning liens, credit, mortgages, and taxes as quickly as the defendant requested, the plaintiff contends that gathering the information was "extremely time consuming, considering the loss of the business." [Record No. 17 ¶ 10]

The purpose of an insured's cooperation is to "enable the insurer to obtain relevant information concerning the loss while the information is fresh, to enable it to decide upon its obligations, and to protect itself from fraudulent and false claims." *Charter Oak Fire Ins.*, 273 F. Supp. 2d at 908-09 (citation omitted). However, substantial compliance does not require an insured to supply proof or documentation that has been made unavailable by reasons beyond the power of the insured. *Korn v. Paul Revere Life Ins. Co.*, 382 F. App'x 443, 447 (6th Cir. 2010); *Stine v. State Farm Fire & Cas. Co.*, No. 4: 07CV-81-M, 2009 WL 2761738, at *2 (W.D. Ky. Aug. 28, 2009).

Here, the question of substantial compliance is not well-suited for resolution on a motion for judgment on the pleadings. This is particularly true in where 1) the Policy's cooperation clause is somewhat vague and 2) the insured alleges that it has cooperated to the best of its ability. Based on the foregoing, it is hereby

**ORDERED** that Defendant Cincinnati Specialty Underwriters Insurance Company's motion for judgment on the pleadings [Record No. 8] is **DENIED**.

Dated: October 26, 2018.



Signed By:
*Danny C. Reeves*
United States District Judge